Filed 6/12/24  P. v. Gonzales CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RALPH GONZALES,<br><br>    Defendant and Appellant. | F087192<br><br>(Super. Ct. No. LBF11636)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Stephanie L. Jamieson, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Mueller and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

**INTRODUCTION**

In 2008, a jury convicted Ralph Gonzales (appellant) of felony driving under the influence (Veh. Code, §§ 23152, subd. (a), 23550.5, subd. (b)) with seven prior strike convictions (Pen. Code, §§ 667, subd. (d)(1), 1170.12, subd. (b)(1))[1] and three prior prison term enhancements (§ 667.5, subd. (b)).  The trial court sentenced appellant to an indeterminate term of 25 years to life in prison pursuant to the "Three Strikes" law (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A)), plus three years for the prior prison term enhancements.

In 2022, appellant was recalled for resentencing pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) because his judgment included now invalid prior prison term enhancements (§ 667.5, subd. (b)).  (§ 1172.75, subd. (a).)  At resentencing, the trial court struck the enhancements, but denied appellant's request to dismiss his prior strikes and reimposed the 25-year-to-life sentence.

This appeal is taken from resentencing.  Appellant contends he was entitled to the benefit of any "changes in law that reduce sentences."  (§ 1172.75, subd. (d)(2).)  He argues that under the revised penalty provisions of the Three Strikes Reform Act of 2012 (Reform Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)), he can no longer receive a third strike sentence because his current offense is not a serious or violent felony.  However, appellant remains eligible for a third strike sentence because one of his prior strike convictions was for gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)).  (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV).)

Next, appellant claims the trial court should have dismissed his prior strike convictions pursuant to certain provisions of section 1385, subdivision (c), which were added by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1).  We hold these provisions were inapplicable to appellant's prior strike convictions because section

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

1385, subdivision (c), only applies to "enhancements," but the Three Strikes law is an alternative sentencing scheme, not an enhancement.  (*People v. Burke* (2023) 89 Cal.App.5th 237, 243–244 (*Burke*).)

Lastly, appellant argues the trial court abused its discretion in declining to dismiss his prior strike convictions in furtherance of justice pursuant to section 1385, subdivision (a).  (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504 (*Romero*).)  We conclude no abuse of discretion occurred.  We affirm.

## BACKGROUND

I.      **Appellant's 2008 Conviction and Sentence.**

A.      **Factual Background**

In our prior opinion affirming appellant's conviction (*People v. Gonzales* (Oct. 29, 2012, F063256) [nonpub. opn.]), we summarized the evidence at trial as follows:

> "At 10:00 p.m. on July 11, 2008, California Highway Patrol Officer Shaun Ranney was driving his patrol car eastbound on Highway 152 when he observed a black Mercedes weaving back and forth in a serpentine manner between the painted lines of the road.  The driver of the Mercedes was interfering with the drivers in the other lane of traffic who had to move their cars to the edge of the other lane to avoid being hit.  The Mercedes was traveling at 75 miles per hour.
>
> "Ranney activated his red lights to pull over the Mercedes, but the driver was slow to react.  The driver eventually exited at State Route 33 and continued down the off-ramp, hitting the stop sign in the left lane.  The driver made a left turn onto the road and pulled over to the right.  Ranney exited his patrol car and learned that appellant was the driver of the Mercedes.
>
> "Appellant smelled of a strong odor of alcohol.  There were no passengers in the car.  Appellant's eyes were bloodshot and watery.  As appellant spoke, his speech was slurred.  Ranney believed appellant was under the influence of alcohol.  Ranney had appellant exit the Mercedes to perform field sobriety tests.  When appellant exited the car, he was unsteady on his feet.  Appellant performed poorly on the field sobriety tests.

3.

"Ranney performed two field breath tests on appellant. The first test indicated a blood alcohol level of .177 percent and the second a blood alcohol level of .187 percent. Ranney described appellant as being 'very intoxicated.' Appellant admitted drinking some Bud Light that evening. Ranney arrested appellant. Ranney determined that appellant's driver's license had been revoked and had not been reinstated. Appellant did not have proof of insurance or any paperwork for the Mercedes. Once in the highway patrol office, appellant refused to take a breath test."

## B. Jury Trial and Sentencing

A jury convicted appellant of driving under the influence with a prior conviction for vehicular manslaughter while intoxicated (Veh. Code, §§ 23152, subd. (a), 23550.5, subd. (b); count 1), misdemeanor driving with a suspended or revoked license (Veh. Code, § 14601.2, subd. (a); count 3), and the infraction of failing to provide proof of financial responsibility (Veh. Code, § 16028, subd. (a); count 5). The jury also found appellant had seven prior felony convictions. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) The trial court found that each of the prior convictions were for serious or violent felonies, and therefore constitute prior strike convictions. The trial court also found true three prior prison term enhancement allegations. (§ 667.5, subd. (b).)

Appellant's seven prior strikes consisted of convictions in 1979 for robbery (§ 211), residential burglary (§§ 459, 460, subd. (a)), and assault with a deadly weapon (former § 245, subd. (a)), a 1985 conviction for gross vehicular manslaughter (former § 192, subd. (3)(a)),[2] and convictions in 1992 for gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)), driving under the influence causing injury (Veh. Code,

---

[2]    The information alleged the 1985 prior conviction was a violation of "section 192.3(A)." This appears to be a reference to former section 192, subdivision (3)(a), a previous version of gross vehicular manslaughter. (See *People v. Morgan* (2023) 87 Cal.App.5th 858, 861, fn. 1.) This offense is now defined in section 192, subdivision (c)(1).

§ 23153, subd. (a)) and driving with a 0.08 percent blood-alcohol content causing injury (Veh. Code, § 23153, subd. (b)).[3]

Pursuant to the Three Strikes law, the trial court sentenced appellant to an indeterminate term of 25 years to life on count 1. (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).) It imposed a concurrent six-month county jail term on count 3, plus a $100.00 fine on count 5. The trial court also imposed an additional three years for the prior prison term enhancements.

## II. Resentencing Proceedings.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) identified appellant as a person in their custody serving a prison term for a judgment that included a now invalid prior prison term enhancement. (§ 1172.75, subd. (b).) The trial court appointed counsel and set the matter for a resentencing hearing.

Appellant filed a sentencing memorandum arguing the prior prison term enhancements must be dismissed because they are now legally invalid. (See § 1172.75, subd. (a).) He requested the trial court dismiss his prior strikes in furtherance of justice based on his postconviction conduct and efforts at rehabilitation. (See *Romero*, *supra*, 13 Cal.4th 497.) This included classes on personal growth and victim awareness, employment training, and addiction counseling. He also argued dismissal of his prior strike convictions was warranted pursuant to Senate Bill No. 81's amendments to section 1385, which require a sentencing court to "consider and afford great weight" to certain

---

[3] Violations of Vehicle Code section 23153, subdivisions (a) and (b), without enhancements, are not strike offenses. While not specified in the record, the People stated in their sentencing memorandum below that each of appellant's Vehicle Code section 23153 convictions was enhanced by two great bodily injury enhancements (§ 12022.7, subd. (a)). "[A]ny felony in which the defendant personally inflicts great bodily injury on any person" is a serious felony, and thus constitutes a strike offense. (§ 1192.7, subd. (c)(8); see §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)

mitigating factors when determining whether to dismiss an enhancement in furtherance of justice. (§ 1385, subd. (c)(2).)

In their sentencing memorandum, the People conceded the prior prison term enhancements must be dismissed, but contended the court should reimpose the 25-year-to-life sentence on count 1. They noted appellant remains eligible for a third strike sentence due to his prior conviction for gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)). (See §§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV).)

The People argued dismissal of the prior strike convictions would not be in furtherance of justice. They detailed appellant's extensive criminal history, which includes seven strike priors and two vehicular homicides. As to the applicability of section 1385, subdivision (c), the People argued the court should not dismiss the prior strike convictions because dismissal "would endanger public safety." (§ 1385, subd. (c)(2).) The People also noted the parole board issued a seven-year denial of parole in 2021 based on appellant's lack of insight into his committing offense and the magnitude of his criminal history.

At the resentencing hearing, the trial court concluded appellant still posed a danger to public safety, observing that "every time he has been paroled since the 1980s, he [has] effectively killed someone with a motor vehicle, or put himself in a situation where he very well could have had he not been stopped by the police." The court appreciated appellant made postconviction efforts at rehabilitation but found that was not "significant enough to effectively overrule the parole board's conclusions." Accordingly, the trial court dismissed the prior prison term enhancements, but declined to dismiss the prior strike convictions, and reimposed the 25-year-to-life sentence on count 1.

## DISCUSSION

**I.     The Trial Court Did Not Err in Resentencing Appellant as a Third Strike Defendant.  Under the Reform Act, Appellant Remains Eligible for a Third Strike Sentence Due to his Prior Conviction for Gross Vehicular Manslaughter While Intoxicated.**

Appellant's initial sentencing occurred in 2008, well before the Three Strikes Reform Act became effective in 2012.  Under the revised penalty provisions of the Reform Act, many defendants with two or more prior strike convictions whose current offense is not a serious or violent felony are excepted from the 25-year-to-life sentence for third strike defendants.  (See *People v. Conley* (2016) 63 Cal.4th 646, 652–653 (*Conley*).)

Appellant contends that when he was resentenced under section 1172.75, subdivision (c), he was entitled to the application of "any other changes in law that reduce sentences."  (§ 1172.75, subd. (d)(2).)  Thus, he claims the court erred in resentencing him to 25 years to life because his current offense is not a serious or violent felony.

We disagree.  Under the Reform Act, a third strike sentence is still required where one of the defendant's prior strike convictions was for "[a]ny homicide offense … defined in Sections 187 to 191.5, inclusive."  (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV); see *People v. Johnson* (2015) 61 Cal.4th 674, 681–682.)  Because appellant was previously convicted of gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)), the trial court's imposition of a 25-year-to-life sentence on count 1 was proper.

### A.     Legal Background

#### 1.     *Senate Bill No. 483.*

Effective January 1, 2022, Senate Bill No. 483 added section 1171.1, later renumbered section 1172.75, to the Penal Code.  Subdivision (a) of that section provides

that effectively any prior prison term enhancement "imposed prior to January 1, 2020 … is legally invalid."[4]

Section 1172.75 also sets forth a procedure for defendants serving a sentence with a prior prison term enhancement to obtain relief. First, the CDCR must identify such defendants and notify the court that sentenced them. (§ 1172.75, subd. (b).) Next, the sentencing court must review the judgment of each identified defendant and determine whether it includes a qualifying prior prison term enhancement. (§ 1172.75, subd. (c).) If so, the sentencing court must recall the sentence and resentence the defendant. (*Ibid.*)

At resentencing, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The court may also consider "postconviction factors," including "the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

### 2. The Three Strikes Reform Act of 2012 (Proposition 36).

"Under the Three Strikes law as originally enacted … a defendant who had been convicted of two or more prior serious or violent felonies (a third strike defendant) was to be sentenced to 'an indeterminate term of life imprisonment with a minimum term of' at least 25 years." (*Conley*, *supra*, 63 Cal.4th at p. 652.) "The Reform Act changed the

---

[4]    The only exception to this provision is for prior prison term enhancements "imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 1172.75, subd. (a).)

sentence prescribed for a third strike defendant whose current offense is not a serious or violent felony." (*Ibid.*) Now, such defendants are generally sentenced as second strike offenders, and instead receive "twice the term otherwise provided as punishment for the current felony conviction." (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1); see *Conley*, *supra*, 63 Cal.4th at p. 653.) However, if such a defendant has a prior conviction for a so-called "super strike" listed in section 667, subdivision (e)(2)(C)(iv), and section 1170.12, subdivision (c)(2)(C)(iv), the defendant must still be sentenced as a third strike offender. (See *People v. Johnson*, *supra*, 61 Cal.4th at pp. 681–682.) This includes a prior conviction for "[a]ny homicide offense … defined in [s]ections 187 to 191.5, inclusive." (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV).)

### B. Appellant was Properly Resentenced as a Third Strike Defendant.

Appellant was convicted in 1992 of gross vehicular manslaughter while intoxicated. (§ 191.5, subd. (a).) Under the plain language of the Reform Act, appellant remains subject to a third strike sentence because of this prior conviction. (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV).) Appellant fails to address the impact of this prior conviction, let alone explain why it does not make him eligible for a third strike sentence. We therefore conclude the trial court properly sentenced appellant to 25 years to life on count 1, and this claim is without merit.[5]

### II. The Trial Court was not Required to Consider Section 1385, Subdivision (c), Because it Does Not Apply to Prior Strike Convictions.

Appellant argues the trial court should have dismissed his prior strike convictions at resentencing pursuant to section 1385, subdivision (c). However, this subdivision was

---

[5] Because we conclude appellant remains eligible for a third strike sentence under the Reform Act, we need not consider, as a general matter, whether the revised penalty provisions of the Reform Act apply when a defendant is resentenced pursuant to section 1172.75, given that the Reform Act also created a resentencing mechanism requiring the court to consider public safety concerns (§ 1170.126). (See *People v. Superior Court* (*Guevara*) 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305; *People v. Kimble* (2024) 99 Cal.App.5th 746, review granted Apr. 24, 2024, S284259.)

inapplicable to appellant's sentence.  By its plain language, section 1385, subdivision (c) "applies only to an 'enhancement,' and the Three Strikes law is not an enhancement." (*Burke*, *supra*, 89 Cal.App.5th at p. 244.)

**A.  Legal Background—Senate Bill No. 81 and Section 1385, Subdivision (c).**

Effective January 1, 2022, Senate Bill No. 81 amended section 1385 to add subdivision (c), which provides, in part:

> "(1)  Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2)  In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the [listed] mitigating circumstances ... are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c)(1)-(2).)

Appellant claims the following three enumerated mitigating circumstances listed in section 1385, subdivision (c), are applicable here and warranted dismissal of his prior strike convictions:  section 1385, subdivision (c)(2)(C) provides:  "The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed;" section 1385, subdivision (c)(2)(F) provides:  "The current offense is not a violent felony as defined in subdivision (c) of Section 667.5"; section 1385, subdivision (c)(2)(H) provides:  "The enhancement is based on a prior conviction that is over five years old."

**B.  Section 1385, Subdivision (c), was Inapplicable to Appellant's Sentence.**

In *Burke*, the appellate court considered whether section 1385, subdivision (c) applies to prior strike convictions.  (*Burke*, *supra*, 89 Cal.App.5th at p. 242.)  It began by observing that section 1385, subdivision (c) "expressly applies to the dismissal of an

'enhancement.' " (*Burke, supra*, 89 Cal.App.5th at p. 243.) "The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an additional term of imprisonment added to the base term." ' " (*Ibid.*) *Burke* also observed that "[i]t is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense." (*Ibid.*) Based on this distinction, the court concluded section 1385, subdivision (c) does not apply to the Three Strikes law, stating: "We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law. [Citation.] The Legislature did not otherwise define the word 'enhancement' in section 1385. Because the statutory language is clear and unambiguous, we follow its plain meaning." (*Burke, supra*, 89 Cal.App.5th at p. 243.)

Since *Burke*, several other appellate courts have expressly agreed with its reasoning and reached the same conclusion. (*People v. Dain* (2024) 99 Cal.App.5th 399, 410–411, review granted May 29, 2024, S283924; *People v. Olay* (2023) 98 Cal.App.5th 60, 64–69; cf. *People v. McDowell* (2024) 99 Cal.App.5th 1147, 1154 [section 1385, subdivision (c) inapplicable to alternative penalty provision of section 236.1, subdivision (c)(2)]; *People v. Serrano* (2024) 100 Cal.App.5th 1324, 1336–1338 [inapplicable to premeditation and deliberation findings on attempted murder charge].)

We also agree with *Burke*'s reasoning. By its express terms, section 1385, subdivision (c) does not apply to a sentencing court's decision whether to dismiss a prior strike conviction, because the Three Strikes law is not an enhancement. Accordingly, the trial court did not err in declining to dismiss appellant's prior strike convictions pursuant to this subdivision.[6]

---

[6]    Because we conclude section 1385, subdivision (c) did not apply to appellant's prior strike convictions, we need not address respondent's alternative argument that the

**III.** **The Trial Court did not Abuse its Discretion in Declining to Dismiss Appellant's Prior Strike Convictions in Furtherance of Justice.**

Although section 1385, subdivision (c) was inapplicable to appellant's resentencing, the trial court still had discretion to dismiss the prior strike convictions in furtherance of justice. (§ 1385, subd. (a); see *Romero*, *supra*, 13 Cal.4th at p. 504.) Appellant argues the trial court abused its discretion in declining to do so, given his postconviction efforts at rehabilitation and the nature of the current offense. We disagree. Based on the record before this court, including appellant's extensive criminal history, the trial court was justified in finding dismissal of the prior strike convictions would significantly endanger public safety, and therefore would not be in furtherance of justice. Accordingly, we conclude no abuse of discretion occurred.

**A.** **Standard of Review.**

In *Romero*, the California Supreme Court "explained that the 'power to dismiss an action,' ... 'in furtherance of justice' pursuant to Penal Code section 1385[, subdivision] (a), 'includes the lesser power to strike ... allegations' or vacate findings 'relevant to sentencing, such as the allegation' or finding 'that a defendant has prior felony convictions.' " (*People v. Williams* (1998) 17 Cal.4th 148, 151 (*Williams*).)

In ruling on a motion to dismiss a prior serious and/or violent felony under the Three Strikes law, the court must consider the "nature and circumstances" of the present felonies and prior convictions, as well as the defendant's "background, character, and prospects." (*Williams, supra,* 17 Cal.4th at p. 161.) The court must then determine whether the defendant should be considered outside of the spirit of the Three Strikes sentencing scheme, in whole or in part, and thus should be treated as though he had not previously been convicted of one or more strike offenses. (*Ibid.*)

---

trial court properly exercised its discretion based on its finding that dismissal would endanger public safety. (See § 1385, subd. (c)(2).)

We review an order on a *Romero* motion for an abuse of discretion. (*Williams*, *supra*, 17 Cal.4th at p. 162.) This review is guided by two fundamental precepts. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) First, the party challenging the sentence has the burden to clearly demonstrate the sentencing decision was arbitrary or irrational. (*Ibid.*) Otherwise, we presume the trial court acted to achieve legitimate sentencing objectives and will not set aside its discretionary determination to impose a particular sentence. (*Id.* at pp. 376–377.) Second, we will not reverse a sentencing decision merely because reasonable people may disagree. (*Id.* at p. 377.) "Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid*.)

### B.   An Abuse of Discretion did not Occur.

The trial court's denial of appellant's *Romero* motion was not "irrational or arbitrary." Appellant's criminal history is both lengthy and egregious. He has seven prior strike convictions for both serious and violent felonies, including robbery, assault with a deadly weapon, residential burglary, gross vehicular manslaughter, and gross vehicular manslaughter while intoxicated. Two of these convictions were based on appellant killing another person while driving a motor vehicle. According to the probation report, appellant also has a prior misdemeanor conviction for driving under the influence.

Based on his criminal history, appellant's current offense raises significant public safety concerns, even though it is not a serious or violent felony. Despite having twice served prison terms for killing another person while driving, appellant drove in a reckless manner while severely intoxicated. Notably, dismissal of the prior strike convictions would undoubtedly result in appellant's release from custody. Appellant has been serving an indeterminate prison term for the instant offense since 2008, but without the prior strike convictions, the instant offense would only be punishable by up to three years in

prison.[7] (Veh. Code, §§ 23152, subd. (a), 23550.5, subd. (b).) As the trial court observed, every time appellant has been released from prison, he has killed someone while driving a motor vehicle, or been arrested for driving under the influence. Given appellant's failure to reform, as evidenced by his criminal history, the trial court was justified in concluding that dismissal of the prior strike convictions would be a clear danger to public safety.

Appellant argues that the age of his prior convictions supported dismissal, noting that his gross vehicular manslaughter convictions occurred in 1985 and 1992. We are not persuaded. Appellant was sentenced to six years in state prison for his 1985 conviction, and 23 years eight months in state prison for his 1992 convictions. Thus, appellant was mostly incarcerated between convictions, then reoffended soon after he was released. This demonstrates an inability to avoid committing dangerous criminal conduct while not in custody.

Appellant also relies on his efforts at rehabilitation and education while serving his current prison term. We agree these efforts were relevant to the trial court's ruling, but they carry limited weight in our assessment of whether the trial court abused its discretion. An abuse of discretion will only be found in limited circumstances, such as where a trial court is unaware of its discretion, considers impermissible factors in the exercise of that discretion, or renders a decision "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 377–378.) Considering all other appropriate factors, including appellant's significant criminal history and the nature of the current offense, we do not find the trial court's ruling was unreasonable.

---

[7]     Even if the trial court elected to dismiss all but one of appellant's prior strike convictions, and resentence him as a second strike offender, his maximum sentence would only be six years. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)

To conclude, we find the trial court's decision not to dismiss the prior strike convictions was not so irrational or arbitrary that no reasonable person would agree with it. Even if we disagreed with the trial court's conclusions, our role is to determine whether it abused its discretion, not to substitute its judgment with our own. Accordingly, appellant has not demonstrated an abuse of discretion, and this claim lacks merit.

## **DISPOSITION**

The judgment is affirmed.